**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

HYWORTH RUTANHIRA,

      Petitioner,

v.                                      Case No. 2:26-cv-00130-MLG-JMR

PAMELA BONDI, Attorney General
of the United States, KRISTI NOEM,
Secretary, Department of Homeland
Security, TODD M. LYONS, Acting
Director, United States Immigration and Customs
Enforcement, MARY DE ANDA-YBARRA,
Field Office Director, Enforcement and Removal
Operations, United States Immigration and Customs
Enforcement, WARDEN, Otero County Processing
Center,

      Respondents.

**ORDER FOR SUPPLEMENTAL BRIEFING ON MOOTNESS**

Pro se Petitioner Hyworth Rutanhira—a non-citizen who was detained at Otero County Processing Center in New Mexico—sought a a writ of habeas corpus under 28 U.S.C. § 2241 and an order from this Court enforcing its order to show cause. Doc. 1 at 1, 4; Doc. 7 at 1. In March 2026, the Court denied Rutanhira's petition and entered final judgment. *See* Doc. 10 (Order Denying Petition and Emergency Motion) (explaining Rutanhira "ha[d] been under a final removal order since 2006, was detained after the issuance of a warrant of arrest[,]" and had been detained at the time for less than six months); Doc. 11 (Judgment). Throughout that same month and the next, Rutanhira filed four post-judgment motions for this Court to consider as well as appealed the denial of his petition to the Tenth Circuit Court of Appeals. *See* Docs. 12 (Motion to Reconsider or Amend the Judgment), 13 (Emergency Motion for Release Pending Appeal and

1

Request for Immediate Ruling), 15 (Motion to Proceed in Forma Pauperis on Appeal), and 19 (Motion Requesting Court Review of Pending Motion to Reconsider or Amend Judgment); Doc. 14 (Notice of Appeal). Our circuit issued an order abating the appeal. *See* Doc. 18. In June of the same year, the appellate court issued an order stating that the appeal remained abated. Doc. 23. Later that same day, the United States filed an "Update to the Court on Petitioner's Detention Status." Doc. 24. According to the Government, "on June 20, 2026, [Rutanhira] was removed from the United States to Harare, Zimbabwe, via a commercial plane flight." *Id.* at 1.

Given that backdrop, the parties must file supplemental briefing addressing whether Rutanhira's post-judgment motions are moot. *See Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the "inquiry then becomes whether [Petitioner] meets one of the exceptions to the mootness doctrine"). Respondents must do so by Friday, July 10, 2026, at 5 PM. Rutanhira has until 5 PM on Friday, July 24, 2026.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

2