**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HYWORTH RUTANHIRA,

Petitioner,

v. No. 2:26-cv-00130-MLG-JHR

PAMELA BONDI, in her official capacity as
Attorney General of the United States, et al.,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court on Petitioner Hyworth Rutanhira's four post-judgment motions: a Motion to Reconsider or Amend the Judgment; a Motion for Release Pending Appeal; a Motion for Leave to Appeal in forma pauperis, and a Motion Requesting Court Review of Pending Motion to Reconsider. Doc. 12; Doc. 13; Doc. 15; Doc. 19. Also before the Court is Respondents' Response to Court's Order for Supplemental Briefing on Mootness, which states that "on June 20, 2026, Petitioner was removed from the United States to Harare, Zimbabwe,… [and] is no longer in the United States or subject to United States immigration detention." Doc. 26 at 2.

"[D]eportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences." *Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the exceptions to the mootness doctrine"). But Rutanhira's filings address the legality of his detention, and Rutanhira does not allege any related collateral consequences. Doc. 12; Doc. 13; Doc. 15; Doc. 19. Given that he was deported—not simply released from federal immigration authorities' custody—the other mootness exceptions also do not apply. *Riley*, 310 F.3d at 1257.

Accordingly, the matters raised in Rutanhira's post-judgment motions are moot and must be dismissed for lack of subject matter jurisdiction. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation omitted)); *Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, "a federal court must dismiss the action for want of subject-matter jurisdiction"). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that "dismissals for lack of jurisdiction should be without prejudice"). A final judgment will be entered separately.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA